

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

December 9, 1966

Mr. John L. David
County Attorney
Dallam County
Dalhart, Texas

Dear Mr. David:

Opinion No. C-788

Re: Questions relating to the
authority of a county
commissioners court to in-
clude certain provisions
in the bid proposal and
purchase agreement in
purchasing road machinery.

In a recent letter to this office you enclosed copies
of the Guaranteed Bid Proposal and Purchase Agreement which the
Commissioner's Court of Dallam County desires to use in con-
nection with the purchase of road machinery by the county.
You have requested our opinion as to the legality of Items 4
and 6 of the Guaranteed Bid Proposal.

We are setting out in full such Guaranteed Bid Pro-
posal.

## DALLAM COUNTY

### GUARANTEED BID PROPOSAL

Bid Opening Date

FOR _____          _____

ITEM # 1 _____ complete as
per attached specifications dated_____  $_____

ITEM # 2 Allowance on trade-in of _____  $_____
                                   Model

_____ (subtract) ____

ITEM # 3                          Difference  $_____

ITEM # 4 Guaranteed repurchase price at end of 10,000
hours or 5 years, whichever comes first (subtract)
(outright cash purchase - not trade-in allowance on
new machine)                          $_____

-3782-

ITEM # 5                                    Difference      $_____

ITEM # 6    "Guaranteed Total Cost of Parts" for
            10,000 hours or 5 years of operation, which-
            ever comes first, per attached specifi-
            cations will not exceed            (add)     $_____

ITEM # 7    Total cost to Dallam County (Item 5 plus
            Item 6)                                      $_____

            Bidder shall quote on all items.  Dallam
            County will pay only amount of Item # 3.

            The Bidder shall be required to furnish
            a performance bond, before the awarding
            of the bid, that shall be equal to the sum
            that appears in Item # 4 above, plus twenty-
            five percent (25%) of the sum that appears in
            Item # 1 above.  Said bond shall be made in
            favor of Dallam County and shall be condi-
            tioned for the benefit of Dallam County.
            This bond shall be for the use and benefit
            of Dallam County should the bidder fail
            to repurchase the equipment if so requested,
            and/or should the cost of the parts exceed
            the amount that appears in Item # 6 above
            and should the bidder fail in this perform-
            ance.

            The machine performance will be subject to
            Dallam County approval and acceptance at
            the time of delivery.

            Dallam County reserves the right to reject
            any or all bids, or to accept the low bid
            that meets all specifications and require-
            ments stipulated in the "Notice of Receiv-
            ing Bids" and "Instructions to Bidders."

                        DEALER _____

                        BY_____

                        TITLE_____

                        DATE_____

This "Guaranteed Bid Proposal" is and shall be considered a
part of the "Notice of Receiving Bids."

In determining the legality of Items 4 and 6 above mentioned we must look to Section 2b of Article 2368a, Vernon's Civil Statutes, which provides as follows:

"Sec. 2b. Contracts for the purchase of machinery for the construction and/or maintenance of roads and/or streets, may be made by the governing bodies of all counties and cities within the State in accordance with the provisions of this Section. The order for purchase and notice for bids shall provide full specification of the machinery desired and contracts for the purchase thereof shall be let to the lowest and best bidder."

This statute clearly provides that contracts for the purchase of road machinery shall be let to the bidder submitting the lowest and best bid for the machinery itself. It must therefore be determined whether the sums which may be submitted by the bidder on Item 4 and Item 6 may legitimately be allowed to affect the final determination as to the lowest and best bid. It is noted in the Guaranteed Bid Proposal that "Bidder shall quote on all items. Dallam County will pay only amount of Item # 3."

In Sterrett v. Bell, 240 S.W.2d 516 (Tex.Civ.App., 1951, no history), the court made the following observation regarding competitive bidding at page 520:

"Its purpose is to stimulate competition, prevent favoritism and secure the best work and materials at the lowest practicable price, for the best interests and benefit of the taxpayers and property owners. There can be no competitive bidding in a legal sense where the terms of the letting of the contract prevent or restrict competition, favor a contractor or materialman, or increase the cost of the work or of the material or other item going into the project."

In Haralson v. City of Dallas, 14 S.W.2d 345 (Tex. Civ.App., 1929, error dism.), it was held that the governing body advertising for bids had the authority to specify materials best suited to the use required; the court stated at page 347-348:

"The trial court found, with ample evidence to sustain the finding that the chemical analysis test did not stifle competition, that the success-

ful bidder was not the only manufacturer in the
United States that was able and willing to perform
the work and furnish pipe in accordance with the
specifications, and this is conclusively established
by the fact that there were six bids for the entire
job that contemplated the use of cast-iron pipe
fulfilling the chemical analysis test. The object
of the authorities in prescribing this test was to
secure a high grade of cast iron, absolutely neces-
sary, in view of the purpose and use to be served.
It was imperative that iron pipe of minimum brittle-
ness be used to guard against sudden breaks and
resultant breakdowns of water supply, and the re-
quirement was made only after a thorough investi-
gation of the subject by the city engineer. He
consulted scientific works, engineers, and water-
works men, north and east, including army engineers,
the Bureau of Water Supply for Washington, D.C.,
and engineers of other cities, notably, of Provi-
dence, Rhode Island, New York, Boston, Baltimore,
and Milwaukee, these cities having prescribed the
same chemical test for cast-iron pipes for their
water supply.

"The city authorities were, under the law,
charged with the duty of securing the kind and
character of pipes and material best suited for
this project, and, having acted in good faith,
it is not for this court, or any other court, to
substitute its opinion for theirs in determining
such a matter." (Emphasis added)

In construing the provisions of Article 2368a, it was
held in Attorney General's Opinion V-1565 (1962):

"Article 2368a requires that the contract be
let 'to the lowest responsible bidder'. The phrase
'lowest responsible bidder' has a well defined meaning.
For a collection of cases see 25 Words and Phrases
(Perm. Ed. 1940) 714. In determining the lowest re-
sponsible bidder the commissioners' court is not per-
forming a mere ministerial duty but is exercising a
duty which is deliberative and discretionary. Att'y
Gen. Op. V-1536 (1952). The commissioners' court
may take into consideration the quality of the product,
the adaptability to the particular use required, and
the ability, capacity, experience, efficiency and in-
tegrity of the bidders as well as their financial re-
sponsibility. Mitchell v. Walden Motor Company, 235

Ala. 34, 177 So. 151 (1937); Kelling v. Edwards, 116
Minn. 484, 134 N.W. 221 (1912); People v. Kent, 160
Ill. 655; 43 N.E. 750 (1896); Picone v. City of New
York, 29 N.Y.S. 2d 539 (1941); Hodgeman v. City of
San Diego, 53 Cal. App. 2d 610, 128 P. 2 412 (1942)."

In view of the foregoing authorities, it is our opinion
that the commissioners court, in the exercise of its discretion,
has the authority to determine the quality and type of machinery
which is best suited to the particular use for which it is to be
purchased. Therefore, such specifications may be placed in the
bid proposal as will insure the submission of bids upon the
quality and type of machinery desired. When it comes to the award
of the contract to the lowest and best bidder, the commissioners
court may take into consideration the ability, capacity and ef-
ficiency of the bidder.

Considering the bid proposal before us as a whole, it
cannot be said as a matter of law that the Commissioners Court
of Dallam County has abused its discretion in requiring that the
bidders specify a guaranteed repurchase price and maximum parts
replacement cost. The inclusion of this information in the bid
proposal would, in our opinion, be relevant to the determination
of the quality and performance of the machine to be purchased,
as well as the ability, experience and integrity of the bidder.
Thus, it is our opinion that the inclusion of Items 4 and 6 in
the specifications quoted above is for the determination of the
commissioners court, and if the court determines that the in-
clusion of such items will be advantageous to the interests of
the county in securing the desired machinery, and such determina-
tion is made in good faith and not for the purpose of restricting
competition, the commissioners court has acted within its authori-
ty.

## S U M M A R Y

Pursuant to the provisions of Article 2368a,
Vernon's Civil Statutes, the commissioners court
may require bidders on the purchase of road machin-
ery to submit as a part of their bid, a guaranteed
repurchase price and a guaranteed maximum cost of
parts, provided the commissioners court in the exer-
cise of its discretion determines that such speci-
fications is for the best interest of the county
in securing the machinery desired, and is not made
for the purpose of restricting competition.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

Mr. John L. David, page 6 (C-788)

By: _____
John Reeves
Assistant Attorney General

JR:mh

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
Pat Bailey
Malcolm Quick
James C. McCoy
Ralph Rash